UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | |
|---|---|
| ALBERT DOGAY | CIVIL ACTION 16-1236 |
| VERSUS | JUDGE |
| MONSTER HEAVY HAULERS, LLC AND GEORGE ANTHONY COOK ("Tony") | STATE OF LOUISIANA |

## PRELIMINARY STATEMENT

1. Plaintiff Albert Dogay, through undersigned counsel, brings this action against Monster Heavy Haulers, LLC and George Anthony Cook ("Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act ("FLSA").

2. Plaintiff alleges that Defendants violated the FLSA by misclassifying plaintiff as an exempt worker from overtime, when plaintiff was actually performing manual labor and should have been classified as non-exempt and paid time and a half for every hour worked over forty (40) hours.

3. Plaintiff alleges that Defendants violated the FLSA by unlawfully terminating plaintiff after plaintiff inquired numerous times as to why he was not being paid correctly.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*.

5. Venue is proper in the United States District Court for the Western District of

Louisiana pursuant to 28 U.S.C. § 1391 because defendants reside in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

6. Defendant, Monster Heavy Haulers, LLC, is a Louisiana domestic limited liability company with its headquarters at 222 Lexington Drive, Rayne, Louisiana.

7. Defendant, George Anthony Cook ("Tony"), is the manager, director, and owner of Monster Heavy Haulers, LLC. Defendant is an individual residing in the Parish of Acadia, Louisiana.

## FLSA COVERAGE

8. In an FLSA case, the following elements must be met. 1) the existence of an employment relationship; 2) that he/she was engaged in commerce or employed by an enterprise engaged in commerce; 3) that Defendants failed to pay him/her overtime/minimum wages; and 4) that he/she is owed the amount claimed by a just and reasonable inference. *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005).

## EMPLOYMENT RELATIONSHIP

9. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. Sec. 203(d).

10. Defendant, George Anthony Cook, is the director, owner, and/or manager of Monster Heavy Haulers, LLC.

11. Defendant, George Anthony Cook, is extremely involved in the day to day operations of Defendants' operations.

12. Defendant, George Anthony Cook, controlled the nature, pay structure, and employment relationship with the plaintiff.

13. Further, at all times relevant to this lawsuit, defendant, George Anthony Cook, has had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to control the employee work schedules and conditions of employment, the authority to sign on the business checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. This individual defendant regularly exercised such authority. Additionally, defendant is responsible for the day-to-day affairs of the company. In particular, defendant, George Anthony Cook, is responsible for determining whether the company complied with the FLSA.

14. As the director, manager, and/or owner of Monster Heavy Haulers, LLC, defendant, George Anthony Cook employed the plaintiff as an employee of Monster Heavy Haulers, LLC.

15. As such, pursuant to 29 U.S.C. Sec. 203(d), defendant, George Anthony Cook acted directly or indirectly in the interest of plaintiff's employment as his employer, which makes him individually liable under the FLSA.

16. Defendants formed a "single enterprise" and are jointly and severally each liable for the violations of the other.

## ENGAGED IN COMMERCE

17. The FLSA protects employees who fall under either of two types of coverage: 1) enterprise coverage, which protects all those who are employed in an enterprise engaged in commerce or in the production of goods for commerce, or 2) individual coverage, which protects those who are individually engaged in commerce or in the production of goods for commerce,

regardless of whether the employer constitutes an enterprise. *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

18. The individual coverage applies in this case, whereas the FLSA states that if the employee is "engaged in commerce or in the production of goods for commerce," individual coverage applies. 29 U.S.C. Sec. 207(a)(1). "In determining whether an employee is engaged in interstate commerce within the meaning of the FLSA, the Fifth Circuit applies a practical test. *Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829 (5th Cir. 2007). Any regular contact, no matter how minimum, will result in coverage under the FLSA. *Id*.

` 19. At all material times, plaintiff was an employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. Sec. 206-207.

20. Plaintiff was working for Monster Heavy Haulers, LLC, building and drilling rigs under a contract for work that was performed across state lines in Texas.

21. Clearly, individual coverage applies since the plaintiff was engaged in commerce as required by 29 U.S.C. Sec. 206-207.

22. Defendant, George Anthony Cook has, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, and the authority to make decisions regarding employee compensation and capital expenditures. In addition, defendant was responsible for determining whether the company complied with the FLSA.

## FACTS

23. While employed with the defendants, plaintiff was paid wages every week.

24. From February of 2014 to October of 2014, plaintiff worked 88 to 101 hours per week and was paid salary as an exempt employee, even though he was performing manual labor building and drilling rigs.

## VIOLATION OF FLSA OVERTIME PROVISIONS

26. Plaintiff was a non-exempt employee from February of 2014 to October of 2014. During these times, plaintiff was building and drilling rigs by manual labor, but was not paid time and a half for every hour worked in excess of forty hours. Instead, plaintiff was unlawfully paid as a salaried, exempt employee.

27. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

28. Plaintiff is entitled to FLSA overtime compensation for all hours worked in excess of forty (40) hours per week from February of 2014 until October of 2014, in which he did not receive the appropriate overtime compensation from Defendants

29. By failing to pay plaintiff all of the overtime compensation he is due, defendants have violated the FLSA.

30. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## VIOLATION OF FLSA ANTI-RETALIATION PROVISIONS

31. After voicing his concerns to the defendant, George Anthony Cook, numerous times regarding his wages, plaintiff was terminated from employment in October of 2014.

32. Under the FLSA anti-retaliation provisions of 29 U.S.C. § 215(a)(3), it is a violation for *any person* to "discharge or in any other manner discriminate against any employee because

such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

33.  Thus, plaintiff's termination is a violation of the FLSA's anti-retaliation provisions.

34.  As a result of defendants' unlawful practices, plaintiff has suffered and continues to suffer a loss of wages and is therefore entitled to recover lost wages, plus liquidated damages or prejudgment interest, and attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, prays for relief as follows:

A. Judgment against the defendants for violation of the overtime and anti-retaliation provisions of the FLSA;

B. Judgment that defendants' violations as described above were willful;

C. An award in an amount equal to the unpaid back wages owed to plaintiff at the applicable overtime rate;

D. An award in the amount lost wages/back pay owed to plaintiff as a result of his unlawful termination;

E. An equal amount to the wages owed as liquidated damages;

F. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

G. An award of prejudgment interest to the extent liquidated damages are not awarded; and

H. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully Submitted:
*s/Gregory J. Miller*
Gregory J. Miller No. 17059
**MILLER, HAMPTON, & HILGENDORF**
3960 Government Street
Baton Rouge, LA 70806
Telephone: (225) 343-2205
Facsimile: (225) 343-2870
Email: gjm@mlhlaw.com