**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **ALBERT DOGAY** | : | **CIVIL ACTION NO. 6:16-cv-01236** |
| | : | |
| **VERSUS** | : | **JUDGE: DEE D. DRELL** |
| | : | |
| **MONSTER HEAVY HAULERS, LLC** | : | |
| **and GEORGE ANTHONY COOK** | : | **MAGISTRATE JUDGE:** |
| | : | **PATRICK J. HANNA** |

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT
AND
DISMISSAL WITH PREJUDICE**

NOW INTO COURT, through undersigned counsel, come plaintiff, **ALBERT DOGAY**, and Defendants, **MONSTER HEAVY HAULERS, LLC** and **GEORGE ANTHONY COOK**, who file this Joint Motion for Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

The Parties have reached an amicable resolution to the above referenced FSLA claim. The Fifth Circuit has historically found that private settlement of FLSA rights which involve a bona fide dispute as to liability, such as the amount of hours worked or compensation due, is not prohibited by the FLSA. *Thomas v. Louisiana*, 534 F.2d 613, 615 (5th Cir. 1976). However, there had been a lack of guidance from the Fifth Circuit as to whether an employer may be relieved of liability in settlement which was obtained without court approval.

Until recently, only the Eleventh Circuit had stated a rule that, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (6th Cir. 1982).

Under this rule, to approve the settlement, the Court was tasked with determining that the compromise was a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms met the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

Recent decisions by the Fifth Circuit and its lower courts establish precedent that indicates that would suggest that court approval of settlements that occurred within the context of a lawsuit and where the plaintiff/employee is represented by counsel may not be required. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (holding that Lynn's Food's fairness concerns are not implicated regarding settlement in which the parties were represented by counsel); *Martinez v. Bohls Bearing Equip. Co.*, 361 F.Supp.2d 608, 634 (W.D. Tex. 2005); See also, *Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012).

While these authorities cast into question whether Court approval of FSLA settlements in litigation is necessary where both parties are represented by counsel, in an abundance of caution, the Parties jointly request that this court review and approve the Settlement for the foregoing reasons:

1. There is a bona fide dispute concerning whether Plaintiff worked any uncompensated overtime;
2. There is a bona dispute concerning whether Plaintiff was exempt from the overtime pursuant to the "motor carrier exemption" and therefore not entitled to overtime pay;

3. There is a bona fide dispute concerning whether Plaintiff's discharge was retaliatory in nature.

In light of the foregoing, it is the Parties' contention that bona fide disputes existed over the entitlement to, and amount of, overtime pay. In light of the issues in dispute, the amount received by Plaintiff is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff would have received far less, if anything at all, and is therefore potentially receiving far more pursuant to the Settlement Agreement. A copy of the Parties' Settlement Agreement is attached for the Court's review. [**See Exhibit A**].

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement and (2) dismissing this action with prejudice against all Defendants with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.

RESPECTFULLY SUBMITTED,

By: _____
AMANDA HILGENDORF (35492)
3960 Government Street
Baton Rouge, Louisiana 70806
(225) 343-2205

**ATTORNEY FOR ALBERT DOGAY, Plaintiff**

OFFERING SOLUTIONS, PLLC

By: _____
PAUL D. GIBSON (#14286)
THOMAS M. LONG (#25146)
*TRIAL ATTORNEY*
RYAN R. DOMENGEAUX (#32850)
412 Travis Street, Suite C (70503)
Post Office Box 3663
Lafayette, Louisiana 70502-3663
Telephone: (337)233-9600
Facsimile: (337)269-4675

ATTORNEYS FOR MONSTER HEAVY HAULERS, LLC and GEORGE ANTHONY COOK

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and **JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT, AND DISMISSAL WITH PREJUDICE** was filed electronically with the Clerk of Court using the CM/ECF system. Said document has this date been served on all counsel of record in these proceedings by:

(X) CM-ECF  (X) Hand Delivery  ( ) Prepaid U.S. Mail  ( ) Facsimile

Lafayette, Louisiana, this 19 day of February, 2019.

_____
THOMAS M. LONG

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALBERT DOGAY** | : | CIVIL ACTION NO. 6:16-cv-01236 |
| **VERSUS** | : | JUDGE: DEE D. DRELL |
| **MONSTER HEAVY HAULERS, LLC** and **GEORGE ANTHONY COOK** | : | MAGISTRATE JUDGE: PATRICK J. HANNA |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**MONSTER HEAVY HAULERS, LLC and GEORGE ANTHONY COOK**, including all of their respective officers, directors, representatives, shareholders, owners, agents, employees, heirs, attorneys, successors and assigns (hereinafter collectively referred to as "Defendant") and **ALBERT DOGAY**, including his heirs, representatives, attorneys, successors, and assigns (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Plaintiff for himself, his heirs, successors and assigns, he does hereby forever and irrevocably waive, release and discharge MONSTER HEAVY HAULERS, LLC, its subsidiaries and other corporate affiliates and each of their respective employees, officers, directors, owners, shareholders, representatives, agents and attorneys, and GEORGE ANTHONY COOK, his heirs, representatives, attorneys, successors, and assigns (collectively referred to herein as "Released Parties"), from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Plaintiff has ever had against the Released Parties by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date of his execution of this Agreement, including, but not limited to (i) any claims under the *Fair Labor Standards Act*, as amended; *Title VII of the 1964 Civil Rights Act*, as amended; the *Americans with Disabilities Act of 1990*, as amended;

*Page 1 of 8*



the *Rehabilitation Act of 1973*; the *Family and Medical Leave Act of 1993*, as amended; the *Age Discrimination in Employment Act*; the *Older Workers Benefit Protection Act*; the *Equal Pay Act*, as amended; the *Employee Retirement Income Security Act*, as amended (with respect to unvested benefits); the *Civil Rights Act of 1991*, as amended; *Sections 1981, 1985(3) and 1986 of U.S.C. Title 42*; the *Occupational Safety and Health Act;* the *Sarbanes-Oxley Act of 2002*, as amended; and the *Worker Adjustment and Retraining Notification Act*, as amended; (ii) any claims relating to or arising out of claimant's employment, including the terms and conditions of the employment and the termination of employment, all claims of employment discrimination, harassment or retaliation under any state or local statute or ordinance, public policy or common law; (iii) any tort and/or contract and quasi-contract claims, including any claims for wrongful discharge, promissory estoppel or detrimental reliance, claims for wages, bonuses, incentive compensation and severance allowances or entitlements, claims for fraud, slander, libel, defamation, disparagement, infliction of emotional distress, personal injury, negligence, compensatory or punitive damages, or any other claim for damages or injury of any kind whatsoever, and all claims for monetary recovery, including, without limitation, attorneys' fees, experts' fees, medical fees or expenses, costs and disbursements. However, this general release of claims excludes the filing of an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency, although the Plaintiff waives any right to monetary relief related to such a charge. This general release of claims also excludes any claims made under state workers' compensation or unemployment laws, and/or any claims which cannot be waived by law.

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle Plaintiff's claim for the lump sum of FORTY SEVEN THOUSAND AND 00/100 ($47,000.00) DOLLARS which sum is inclusive of all wages, penalties, liquidated damages, and attorneys' fees, paid to ALBERT DOGAY by and on behalf of MONSTER HEAVY HAULERS, LLC and GEORGE ANTHONY COOK. The foregoing sum of FORTY SEVEN THOUSAND AND 00/100 ($47,000.00) DOLLARS begin allocated as follows: (1) for wages by a check payable to Albert Dogay in the amount of ELEVEN THOUSAND TWO HUNDRED AND FIVE AND 49/100 ($11,205.49) DOLLARS less withholding taxes; and (2) for remuneration for damages separate and distinct from wages by a check made payable to the order of Albert Dogay and Miller, Hampton & Hilgendorf in the amount of $35,794.51.

3. **Indemnification.** Plaintiff further declares and represents that none of his claims or rights of any sort have been assigned, subrogated or transferred in any way and that no liens or privileges exist in connection with this matter. In the event there are any assigned or subrogated claims or any liens, privileges or claims by any person or entity under any law or statute whatsoever, then Plaintiff does hereby agree to indemnify, protect, defend and hold harmless the Released Parties from any claims that may be made against them because

of such assignment, subrogation, transfer, lien or privilege. Plaintiff further obligates himself to fully defend, protect, indemnify and hold harmless the Released Parties from any and all past, present and/or future claims, demands, losses, penalties and damages of whatsoever nature that are pursued by Plaintiff or by anyone else that are derivative of Plaintiff's released rights herein. Plaintiff further acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless the Released Parties from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly, or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person. However, it is agreed and understood by all parties to this Settlement Agreement and Release that Plaintiff shall not be held liable to the Released Parties, nor required to indemnify the Released Parties, for claims arising out of conduct of any person not made a party to this Settlement Agreement and Release.

Plaintiff further declares that the aforesaid amount this day received by him is also received in full, final and complete settlement of any and all claims asserted by him and/or on his behalf in the suit entitled "Albert Dogay vs. Monster Heavy Haulers, LLC and George Anthony Cook", bearing Docket No. 6:16-cv-01236-000, U.S. District Court for the Western District of Louisiana (the "Litigation"), and Plaintiff does hereby authorize and direct his attorney to dismiss said suit with full prejudice to all of his rights.

4. **Consideration Period.** Plaintiff acknowledges and agrees that MONSTER HEAVY HAULERS, LLC has informed him that he is entitled to twenty-one (21) days to consider the terms and provisions of the Settlement Agreement prior to signing. However, Plaintiff, ALBERT DOGAY, after consulting with his counsel, Amanda Hilgendorf, knowingly and voluntarily waives this twenty-one (21) day period.

5. **Revocation Period.** Plaintiff acknowledges that he shall be entitled to revoke his consent to the Settlement Agreement at any time prior to the expiration of seven (7) days after the execution of the Settlement Agreement by providing written notice of such revocation to MONSTER HEAVY HAULERS, LLC's counsel of record, Paul D. Gibson, at Offering Solutions, PLLC, Post Office Box 3663, Lafayette, Louisiana  70502-3663.

6. **Non-Admission Clause.** Plaintiff does hereby declare that it is understood and agreed that this settlement is a compromise of highly doubtful and disputed claims and that the payment made herein is not in any way to be construed as an admission on the part of the parties hereby released and that said Released Parties expressly deny any and all liability whatsoever to Plaintiff

or to any other person arising out of any claims asserted or that could have been asserted in any claim under the FSLA and that this settlement is made merely for the purposes of avoiding litigation and to buy their peace.

7. **Non-Disparaging Remarks.** The Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

8. **Confidentiality.** In further consideration for the above, Plaintiff agrees, except as otherwise may be required by law, rule, regulation and/or internal normal business practices, to keep confidential and secret the terms of this Settlement Agreement, the consideration paid, and the settlement negotiations that preceded the execution of this Settlement Agreement (collectively the "Settlement Terms"). In the event that Plaintiff is questioned about the status, terms of or result of this Settlement Agreement, the Dispute and/or the Lawsuit, the Plaintiff may only respond with words that are virtually identical to the following language: that "the matter has been resolved on terms acceptable to the Parties and no information can be provided because of an agreement between the Parties" and/or may refuse to comment in response to any such question. Nothing herein shall prevent the Plaintiff from disclosing the Settlement Terms to the minimum extent necessary in order to respond to a request from his accountants and/or as may be required for income tax reporting or internal purposes related to the facilitation of this settlement.

9. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Western District of Louisiana which is presiding over the Litigation. The Agreement is governed by the substantive laws of the State of Louisiana, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Lafayette Parish, Louisiana.

10. **Dismissal of Lawsuit.** Within five (5) business days of signing this Agreement by the Parties, Plaintiff's Counsel Agrees to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal with Prejudice all claims asserted by Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this Agreement, along with a proposed Order.

11. **Agreement Not to Be Used as Evidence.** Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency

or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against them in order to support a defense or counterclaim based upon principles of red judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

13. **Enforcement.** In the event that any action is commenced to enforce said Settlement Agreement, the prevailing party shall be entitled to reasonable fees and costs.

14. **Voluntariness.** Plaintiff further declares and agrees that this release is made and executed by Plaintiff of his own free will; that he knows all of the facts and his rights in connection herewith, together with the advice and counsel of his attorney of record, and that he has not been influenced or induced to make this release as the result of any act or action on the part of any employee, agent, attorney, or representative of any of the parties in whose favor this release is executed.

15. **Entire Agreement.** Plaintiff further declares and acknowledges that no promise, inducement or agreement not herein expressed has been made to or by any party herein, and that this Settlement Agreement and Release contains the entire agreement between the parties hereto, superseding any and all prior agreements, promises, or representations, whether oral or written concerning its subject matter. Plaintiff acknowledges that the terms of this Settlement Agreement and Release are contractual and binding in nature and not merely a recital and that this entire Agreement has been fully explained to Plaintiff by his attorney of record and he does hereby acknowledge that he fully understands the contents and ramifications of same.

16. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**[REMAINDER OF PAGE LEFT BLANK]**

**ALBERT DOGAY**                              **MONSTER HEAVY HAULERS, LLC**

**BY:**_____      **BY:**_____
**Date:**_____           **Name:**_____
                                             **Title:**_____
                                             **Date:**_____


APPROVED BY:


_____
AMANDA HILGENDORF
ATTORNEY FOR PLAINTIFF
ALBERT DOGAY

STATE OF LOUISIANA
PARISH OF_____

    THUS DONE AND SIGNED in multiple originals, in the presence of the undersigned competent witnesses and me, Notary, after due and complete reading of the whole, in _____, Louisiana, on this _____ day of _____, 2019.

WITNESSES:

_____
Print Name:_____

_____
ALBERT DOGAY

_____
Print Name:_____

_____
NOTARY PUBLIC
In and for the Parish of _____, State of Louisiana
Name: _____
My Commission Expires: _____
Number Assigned Notary Public #_____

APPROVED BY:

_____
AMANDA HILGENDORF
ATTORNEY FOR PLAINTIFF
ALBERT DOGAY

STATE OF LOUISIANA
PARISH OF _____

      THUS DONE AND SIGNED in multiple originals, in the presence of the undersigned competent witnesses and me, Notary, after due and complete reading of the whole, in _____, Louisiana, on this _____ day of _____, 2019.

WITNESSES:

_____       By: _____
Print Name:_____                _____,
                                                            Attorney for Monster Heavy
_____                Haulers, LLC and George
Print Name:_____               Anthony Cook

_____
NOTARY PUBLIC
In and for the Parish of _____, State of Louisiana
Name: _____
My Commission Expires: _____
Number Assigned Notary Public #_____